UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**           'O'      JS-6

| Case No. | 2:18-cv-3374-CAS-GJS | Date | May 11, 2020 |
|---|---|---|---|
| Title | LUXOTTICA GROUP, S.P.A. v. EYE STORY, INC., ET AL | | |

Present: The Honorable    **CHRISTINA A. SNYDER**

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

Brent Blakely                                            Not Present

**Proceedings:**   TELEPHONE HEARING ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF No. 35, filed February 20, 2020)

### I.   INTRODUCTION AND BACKGROUND

On April 23, 2018, Plaintiff Luxottica Group, S.p.A. ("Luxottica") brought this action against defendants Eye Story, Inc. ("Eye Story"), a California corporation, Eunji Ko ("Ko"), an alleged owner, officer, director, and/or managing agent of Eye Story, and DOES 1-10. ECF No. 1 ("Compl."). Plaintiff is an Italian corporation engaged in the business of producing, manufacturing and distributing premium and luxury eyewear products throughout the world, including the Ray-Ban family of trademarks (collectively, the "Ray-Ban Marks"). Id. at 2. The gravamen of Luxottica's complaint is that Eye Story has been displaying, offering for sale, and/or selling eyewear bearing counterfeit reproductions of the Ray-Ban Marks ("Counterfeit Products") without Luxottica's consent. Id. at 6.

Defendants filed an answer to plaintiff's complaint on May 18, 2018 ("the Answer"). ECF No. 11. The Court held a scheduling conference on July 16, 2018, at which the plaintiff failed to appear. ECF No. 19. The Court's ordered plaintiff to show cause why the action should not be dismissed for failure to appear at a Court-ordered hearing, see ECF No. 19, to which plaintiff replied on July 26, 2018. See ECF No. 21. Ko filed a Chapter 7 Bankruptcy Petition on or about January 23, 2019, and the Court entered a stay as to Ko on January 30, 2019. See ECF No. 26. Ko was later dismissed as a defendant on February 25, 2020. ECF No. 38.

On April 22, 2019, the Court held a pretrial conference, at which defendant Eye Story failed to appear. After failing to show cause for its failure to appear, Eye Story's Answer was stricken on May 8, 2020. See ECF No. 29. On May 21, 2019, the Clerk of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | 'O' | JS-6 |
|---|---|---|---|
| Case No. | 2:18-cv-3374-CAS-GJS | Date | May 11, 2020 |
| Title | LUXOTTICA GROUP, S.P.A. v. EYE STORY, INC., ET AL | | |

the Court entered default against Eye Story. See ECF No. 31. On February 20, 2020, plaintiff filed a motion for default judgment, ECF No. 35 ("Mot."), for the following claims: (1) federal trademark counterfeiting, trademark infringement, and unfair competition; (2) false designation of origin and false description; and (3) trademark dilution.[1] See Mot. at 6-8. Plaintiff also filed a supporting declaration, ECF No. 35-1 ("Blakely Decl."), and an exhibit, ECF No. 35-2.

The Court held a telephonic hearing on May 11, 2020, at which defendants failed to appear. Having carefully considered the complaint, the motion, and plaintiff's supporting declaration and exhibit, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff may apply to the court for a default judgment. Fed. R. Civ. P. 55. Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005). The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); see also Elektra, 226 F.R.D. at 392.

"Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rule 55–1 and 55–2." Harman Int'l Indus., Inc. v. Pro Sound Gear, Inc., No. 2:17-cv-06650-ODW-FFM, 2018 WL 1989518, at *1 (C.D. Cal. Apr. 24, 2018). Accordingly, when an applicant seeks a default judgment from the Court, the movant must

---

[1] In addition to these claims, plaintiff's complaint also includes claims for common law trademark infringement, common law unfair competition, and violation of Cal. Bus. & Prof. Code § 17200 et seq. See Compl. at 10-12. These claims are not specifically addressed in the motion for default judgment and will therefore not be addressed in this order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:18-cv-3374-CAS-GJS | Date | May 11, 2020 |
| Title | LUXOTTICA GROUP, S.P.A. v. EYE STORY, INC., ET AL | | |

submit a declaration specifying: "(a) When and against what party the default was entered; (b) The identification of the pleading to which default was entered; (c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (e) That notice has been served on the defaulting party, if required by [Federal Rule of Civil Procedure] 55(b)(2)." See C.D. Cal. L.R. 55–1. Under Local Rule 55–2, "where an application for default judgment seeks unliquidated damages, the party seeking entry of the default judgment is obligated to serve notice of the application on the defaulting party regardless of whether the latter has appeared in the action." Halicki v. Monfort, No. 2:08-cv-00351-PSG-JTL, 2009 WL 10672966, at *2 (C.D. Cal. Nov. 19, 2009) (citing C.D. Cal. L.R. 55–2).

### III. DISCUSSION

#### A. Procedural Requirements

In connection with its motion for default judgment against Eye Story, plaintiff submits a declaration attesting that: (a) on May 21, 2019, the Clerk entered default against Eye Story following its failure to file any pleadings or otherwise defend this action after its answer was stricken; (b) that Eye Story is not an infant or incompetent person; (c) that Eye Story is not "in military service or otherwise exempt under the Soldiers' and Sailors' Civil Relief Act of 194"[2]; and (d) that notice of this motion was serviced on Eye Story on February 20, 2020. Blakely Decl. ¶¶ 10-13. The Court concludes that Luxottica has satisfied the requirements for entry of default judgment and proceeds to the merits of Luxottica's motion.

---

[2] The Soldiers' and Sailor's Civil Relief Act is the "precursor" to the current Servicemembers Civil Relief Act. See Trujillo v. Tally, No. 03-cv-533-S-MHW, 2006 WL 8426821, at *2 (D. Idaho June 2, 2006). That Rosen's declaration refers to the Soldiers' and Sailor's Civil Relief Act, rather than the Servicemembers Civil Relief Act, does not preclude the entry of default judgment. See, e.g., Gens v. Amerimade Tech. Inc., No. 15-cv-01425-JCS, 2016 WL 8905322, at *4 (N.D. Cal. Mar. 21, 2016) (recommending grant of application for default judgment even though supporting declaration referred to predecessor statute), report and recommendation adopted, No. 15-cv-01425-VC, 2016 WL 9180437 (N.D. Cal. Apr. 8, 2016).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:18-cv-3374-CAS-GJS | Date | May 11, 2020 |
| Title | LUXOTTICA GROUP, S.P.A. v. EYE STORY, INC., ET AL | | |

### B. Application of the Eitel factors

Plaintiff asserts that each of the Eitel factors support the Court entering default judgment against Eye Story. Mot. at 5-10. The court addresses each factor in turn.

#### 1. Possibility of Prejudice

The first Eitel factor considers whether plaintiffs will suffer prejudice if default judgment is not entered. Eitel, 782 F.2d at 1471–72. This factor favors entry of default judgment where, absent entry of default judgment, plaintiffs "will likely be without other recourse for recovery." PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, Eye Story has not participated in this action after the Answer was stricken on May 8, 2019. If Luxottica's motion for default judgment is not granted, Luxottica will likely be without other recourse for recovery. See Pepsi, 238 F. Supp. 2d at 1177. Accordingly, there is a possibility of prejudicing Luxottica, and the first Eitel factor weighs in favor of granting default judgment.

#### 2. Substantive Merits and Sufficiency of the Claim

The second and third Eitel factors—the substantive merits of the claim and the sufficiency of the complaint—are often analyzed together. PepsiCo, 238 F. Supp. 2d at 1175. For the purposes of default judgment, all well-pleaded allegations in the complaint, except those relating to damages, are assumed to be true. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992).

Plaintiff seeks relief for: (a) Federal trademark counterfeiting, trademark infringement, and unfair competition in violation of 15 U.S.C. § 1114(a)(1); (b) false designation of origin and false description in violation of 15 U.S.C. § 1125(a); and (c) trademark dilution in violation of 15 U.S.C. § 1125(c).

##### a. Federal Trademark Counterfeiting, Trademark Infringement, and Unfair Competition

To prevail on its trademark infringement claim pursuant to the Lanham Act, 15 U.S.C. 1114(1)(a), Luxottica must prove (1) ownership of a valid trademark; (2) use of the mark without its consent; and (3) that such use is likely to cause confusion. Credit One

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:18-cv-3374-CAS-GJS | Date | May 11, 2020 |
| Title | LUXOTTICA GROUP, S.P.A. v. EYE STORY, INC., ET AL | | |

Corp. v. Credit One Financial, Inc., 661 F.Supp.2d 1134, 1137 (C.D. Cal. 2009). The standard for Lanham Act trademark infringement is the same as for Lanham Act unfair competition and California state claims for trademark infringement and unfair competition. Conversive, Inc. v. Conversagent, Inc., 433 F.Supp.2d 1079, 1093-94 (C.D. Cal. 2006) (omitting internal marks and cites).

Luxottica identifies in its complaint its ownership of and exclusive rights to use the Ray-Ban Marks, as well as their respective United States Trademark Registration Numbers. Compl. ¶¶ 13, 15, 16, 29. The federal registration of a trademark with the U.S. Patent and Trademark Office constitutes "prima facie evidence of the validity of the registered mark, . . . ownership of the mark, and . . . the owner's exclusive right to use the registered mark." 15 U.S.C. § 1057(b). Luxottica further alleges that Eye Story's use of the Ray-Ban Marks is and has always been "without Luxottica's consent and authorization," and that Eye Story has never been licensed for the use of the Ray-Ban Marks. Compl. ¶¶ 22, 23. Accordingly, the Court finds that Luxottica has sufficiently demonstrated ownership of the Ray-Ban Marks and that Eye Story used the Ray-Ban Marks without consent.

The Ninth Circuit has identified eight factors that should be considered in determining the likelihood of confusion, but "in cases involving counterfeit marks, it is unnecessary to perform this step-by-step examination . . . because counterfeit marks are inherently confusing." Phillip Morris USA Inc. v. Shalabi, 352 F.Supp.2d 1067, 1073 (C.D. Cal. 2004). A "counterfeit" is defined by the Lanham Act as "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark," 15 U.S.C. § 1127, and counterfeiting is a subset of trademark infringement under 15 U.S.C. § 1114(a)(1). Luxottica alleges that their representatives discovered counterfeit products being displayed, offered for sale, and or/sold by Eye Story, Compl. ¶¶ 19, 20, and submits images of the Ray-Ban Marks and the alleged counterfeit products sold by Eye Story bearing the Ray-Ban Marks. See Comp. ¶ 13, Exh. 1. The Court finds these allegations sufficient to plead that the Eye Store marks are "identical with, or substantially indistinguishable from" the Ray-Ban Marks and are therefore counterfeited pursuant to the Lanham Act definition. 15 U.S.C. § 1127. The use of the counterfeit Ray-Ban Marks is presumed likely to cause confusion, and accordingly, the Court finds that Luxottica adequately pleads its federal trademark counterfeiting, trademark infringement, and unfair competition claims.

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:18-cv-3374-CAS-GJS | Date | May 11, 2020 |
| Title | LUXOTTICA GROUP, S.P.A. v. EYE STORY, INC., ET AL | | |

### b. False Designation of Origin and False Description

To prevail on its claim for false designation of origin and false description pursuant to 15 U.S.C. § 1125(a), Luxottica must prove the same elements as for trademark infringement: (1) that plaintiff owns a valid and protectable trademark; and (2) that defendant used in commerce a similar mark without authorization in a manner likely to cause consumer confusion, deception, or mistake. Morris USA Inc. v. Liu, 489 F.Supp.2d 1119, 1121-22 (C.D. Cal. 2007). As the Court previously discussed, Luxottica adequately alleges that it owns the Ray-Ban Marks. Furthermore, Luxottica alleges that Eye Story, without authorization, sells products with counterfeit marks that are substantially similar to the Ray-Ban Marks, which Luxottica alleges is likely to falsely mislead consumers into believing that Defendants' products are connected to Luxottica. Compl. ¶ 38. Therefore, Luxottica adequately alleges a claim for false designation of origin and false description in violation of § 1125 of the Lanham Act.

### c. Trademark Dilution

"Dilution is a cause of action invented and reserved for a select class of marks—those marks with such powerful consumer associations that even non-competing uses can impinge their value." Thane Int'l, Inc. v. Trek Bicycle Corp., 305 F.3d 894, 907 (9th Cir. 2002). To prevail on its trademark dilution claim pursuant to 15 U.S.C. § 1125(c), Luxottica must prove that (1) its marks are famous; (2) Eye Story is making commercial use of the marks; (3) Eye Story's use began after Luxottica's marks became famous; and (4) Eye Story's use presents a likelihood of dilution of the distinctive value of the mark. Pefumebay.com Inc. V. eBay, Inc., 506 F.3d 1165, 1180 (9th Cir. 2007). The marks used by defendant must be identical, or nearly identical, to plaintiff's marks. Nissan Motor Co. v. Nissan Computer Corp., 378 F.3d 1002, 1011 (9th Cir. 2004). For marks to be considered "nearly identical" to each other, they must be similar enough that "a significant segment of the target group of customers sees the two marks as essentially the same." Avery Dennison Corp. v. Sumpton, 189 F.3d 868, 874 (9th Cir. 1999). As discussed previously, this Court finds that Luxottica has sufficiently alleged that the marks used by Eye Story are identical with, or substantially indistinguishable from, the Ray-Ban Marks.

Luxottica's complaint asserts that "[t]he Ray-Ban Marks are nationally and internationally recognized . . . as being affixed to goods and merchandise of the highest quality and coming from Luxottica." Comp. ¶ 28. Luxottica also alleges that Ray-Ban "is the world's most famous sun eyewear brand" and that "the Ray-Ban Marks have achieved secondary meaning as an identifier of high quality eyewear." Id. ¶¶ 10, 17. Luxottica

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:18-cv-3374-CAS-GJS | Date | May 11, 2020 |
| Title | LUXOTTICA GROUP, S.P.A. v. EYE STORY, INC., ET AL | | |

alleges that its representatives discovered that Eye Story is making commercial use of the Ray-Ban Marks by displaying, offering for sale, and/or selling counterfeit products with the Marks, id. at ¶ 19-20. Luxottica also alleges facts demonstrating that the Ray-Ban brand's "prominent, long, and continuous use in commerce" indicates that Eye Story's use began after the Ray-Ban Marks became famous. Id. ¶ 61.

The Court has already found that Luxottica adequately alleged that Eye Story's use of the Ray-Ban Marks is presumed to create consumer confusion. Beyond this, Luxottica alleges that consumers are likely to believe that Eye Story's product originated from Luxottica, which injures Luxottica and "reap[s] the benefit of Luxottica's goodwill associated with the Ray-Ban Marks." Id. ¶ 33. Accordingly, the Court finds that Luxottica has sufficiently alleged that dilution of the Ray-Ban Marks is likely as a result of Eye Story's use. See, e.g., Einstein v. Baby Einstein Co. LLC, No. CV 07-02171-MMM-SS, 2009 WL 10670676 (C.D. Cal. Dec. 21, 2009) (finding that plaintiff's "Einstein" trademark was diluted because defendant adopted a nearly identical mark that wholly incorporated the word "Einstein" and began using it in a manner that implied an associated with plaintiff). The Court concludes that Luxottica has adequately stated a claim for trademark dilution against Eye Story, and accordingly, the second and third Eitel factors favor entry of default judgment.

### 3. Amount of Money at Stake

Pursuant to the fourth Eitel factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." PepsiCo, 238 F. Supp. 2d at 1176. "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." Vogel v. Rite Aid Corp., 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014). In the instant case, Luxottica is not seeking monetary damages. It seeks only a permanent injunction against Eye Story to enjoin it from further infringement of the Ray-Ban Marks and from unfairly competing with Luxottica. Mot. at 11. Accordingly, this factor favors granting default judgment. See PepsiCo, 238 F. Supp. 2d at 1176-77 (finding that the fourth Eitel factor favors granting default judgment when plaintiff does not seek monetary damages).

### 4. Possibility of a Dispute Concerning a Material Fact

The fifth Eitel factor considers the possibility that material facts are disputed. PepsiCo, 238 F. Supp. 2d at 1177. "Upon entry of default, all well-pleaded facts in the

Case 2:18-cv-03374-CAS-GJS Document 44 Filed 05/11/20 Page 8 of 10 Page ID #:136

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:18-cv-3374-CAS-GJS | Date | May 11, 2020 |
| Title | LUXOTTICA GROUP, S.P.A. v. EYE STORY, INC., ET AL | | |

complaint are taken as true, except those relating to damages." Id. Here, Luxottica has "filed a well-pleaded complaint alleging the facts necessary to establish its claims, and the court clerk entered default against" Eye Story. See Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). Accordingly, "no dispute has been raised regarding the material averment of the complaint, and the likelihood that any genuine issue may exist is, at best, remote." Id. The Court therefore concludes that this factor favors entry of default judgment against Eye Story.

### 5. Possibility of Excusable Neglect

The sixth Eitel factor considers whether a defendant's default may have been the product of excusable neglect. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471-72. Here, Eye Story received notice of the summons, complaint and motion for default judgment. Blakely Decl. ¶¶ 5, 13. Defendant failed to file a responsive pleading after its Answer was struck on May 8, 2019 or otherwise oppose the motion since that date. "In light of the multiple notices delivered to Defendant regarding the pending lawsuit [and] the extended period of time that has elapsed, . . . the possibility of excusable neglect is remote." Philip Morris USA, 219 F.R.D. at 501; see also Constr. Laborers Tr. Funds for S. California Admin. Co. v. Anzalone Masonry, Inc., 316 F. Supp. 3d 1192, 1201-02 (C.D. Cal. 2018) ("There is little possibility of excusable neglect and default judgment is favored when defendants fail to respond after being properly served."). The Court therefore concludes that that this factor favors entry of default judgment against Eye Story.

### 6. Policy Favoring Decisions on the Merits

Under the seventh Eitel factor, the Court considers the strong policy favoring decisions on the merits. See Eitel, 782 F.2d at 1472. However, "this preference, standing alone, is not dispositive." PepsiCo, 238 F. Supp. 2d at 1177 (internal citation omitted). As a result, this factor does not preclude the entry of default judgment against Eye Story.

Taken together, the Eitel factors favor entry of default judgment against Eye Story.

### C. Requested Relief

Having determined that the entry of default judgment against Eye Story is warranted, the Court addresses the appropriate relief. In its motion for default judgment, Luxottica seeks entry of a permanent injunction enjoining Eye Story "from further infringement of the Ray-Ban Marks and from unfairly competing with Plaintiff." Mot. at 11. The Lanham

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:18-cv-3374-CAS-GJS | Date | May 11, 2020 |
| Title | LUXOTTICA GROUP, S.P.A. v. EYE STORY, INC., ET AL | | |

Act gives the Court the power to grant injunctions to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark office. 15 U.S.C. § 1116(a). A Court may grant a permanent injunction if the plaintiff satisfies a four-factor test. eBay, Inc. v. MercExchange, LLC, 547 U.S. 388, 392-93 (2006). Specifically, a plaintiff seeking a permanent injunction must demonstrate: (1) that it has suffered irreparable injury; (2) that there is no adequate remedy at law; (3) "that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted"; (4) that it is the public's interest to issue the injunction. Id. at 391.

Luxottica's pleadings demonstrate a likelihood of irreparable harm to its brand and reputation resulting from consumer belief that the Counterfeit Products originate or are somehow connected to Luxottica. Compl. ¶ 38-40; see also Chanel Inc. v. Lin, No. C-09-04996-JCS, 2010 WL 2557503, at *11 (N.D. Cal. May 7, 2010) (finding that "Plaintiff has . . . established the likelihood of confusion by showing Defendants' use of counterfeit Chanel Marks, giving rise to a presumption that Plaintiff will suffer irreparable harm if injunctive relief is not granted"). Luxottica further alleges that it has no adequate remedy at law because it will continue to be injured unless Eye Story is enjoined from infringing Luxottica's trademarks. Compl. ¶ 34; see also Car–Freshner Corp. v. Valio, LLC, No. 2:14–cv–01471–RFB–GWF, 2016 WL 7246073, at *8 (D. Nev. Dec. 15, 2016) ("Damage to reputation and loss of customers are intangible harms not adequately compensable through monetary damages."). Furthermore, the balance of hardships favors Luxottica as it will lose profits and goodwill without an injunction, while an injunction will only proscribe defendant's infringing activities and would still allow Eye Story to operate its business. Wescosign, Inc. v. IFG Holdings, Inc., 845 F.Supp.2d 1072, 1084 (C.D. Cal. 2012). Finally, an injunction is in the interest of the public because "[w]here defendant's concurrent use of plaintiff's trademark without authorization is likely to cause confusion, the public interest is damaged by the defendant's use." AT&T Corp. v. Vision One Sec. Sys., No. 95-0565-IEG (BTM), 1995 WL 476251 at *7 (S.D. Cal. July 27, 1995). Therefore, the Court finds that plaintiffs have met the requirements for permanent injunctive relief.

The remaining question is the scope of the injunction. Luxottica's demand for relief must not "differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. Proc. 45(c). In its motion for default judgment, Luxottica only seeks entry of a permanent injunction enjoining Eye Story "from further infringement of the Ray-Ban Marks and from unfairly competing with Plaintiff." Mot. at 11. This relief is within the broader scope of relief sought in its pleadings, see Compl. at 13-14 (additionally requesting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | 'O' | JS-6 |
|---|---|---|---|
| Case No. | 2:18-cv-3374-CAS-GJS | Date | May 11, 2020 |
| Title | LUXOTTICA GROUP, S.P.A. v. EYE STORY, INC., ET AL | | |

monetary damages), the Court finds that Eye Story's due process rights are not implicated, and the relief sought is consistent the relief requested in the complaint. The Court therefore issues the injunction as requested by Luxottica.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** plaintiff's motion for default judgment.

IT IS SO ORDERED.

| | | 00 | : | 02 |
|---|---|---|---|---|
| | Initials of Preparer | | CMJ | |